CENTRAL TRUST COMPANY OF ROCHESTER, NEW YORK, Plaintiff, *v.* ROCHESTER FOUNDATION COMPANY, INC., and Others, Defendants.

Supreme Court, Monroe County, November 28, 1928.

*Bowman & Van Schaick* and *Nelson Warner*, for the plaintiff.

*John H. Hicks* and *John Colmey*, for the defendant Keystone Driller Company.

*John Van Voorhis Sons* and *John Van Voorhis*, for the defendant Charles H. Miller.

*Sutherland & Dwyer* and *Nelson Warner*, for the defendant Thomas F. Street.

THOMPSON, J. Defendant Keystone Driller Company took possession of and legally sold a chattel it had previously sold to defendant Rochester Foundation Company by a conditional sales contract which it had duly filed but which it had neglected to refile. In the meantime plaintiff and defendant Street acquired collateral chattel mortgages upon the same chattel, and defendant Miller had perfected a judgment against defendant Foundation Company. The avails of the sale of the chattel paid the balance

due on the contract and left a surplus which defendant Miller acquired by a judge's order in supplementary proceedings, and applied to the reduction of his judgment. Plaintiff and defendant Street, whose mortgage plaintiff has since made precedent to its mortgage, here ask for an accounting of the moneys received on the sale of the chattel to the end that these funds be taken from defendants and turned over to them as their interests may appear.

The only loan made by the plaintiff which it can be said was secured by the collateral mortgage given to it by the Rochester Foundation Company is the one for $1,825, made May 22, 1923, on a note of the corporation indorsed by Mr. Seiler. Neither in fact, law nor equity can it be held here that the purpose or effect of this mortgage was to secure the payment of the $10,575 note made by the Rochester Foundation Company to its president, Mr. Seiler, on May 21, 1923, and thereafter transferred by Mr. Seiler to the bank as collateral security for his personal indebtedness. Such a holding would be equivalent to giving a preference to Mr. Seiler, which is forbidden by law, and which in my view is no less illegal because accomplished indirectly. The payment of the $1,825 note and the postponement of the bank's mortgage to the mortgage held by Street is in extension and confirmation of the conclusions above stated, and also operates to establish the full satisfaction of all indebtedness secured by plaintiff's mortgage. Whether at the instance of the bank or to further Mr. Seiler's interest, as claimed by the defendants, it cannot be held in equity that this mortgage was given or received as security for Mr. Seiler's personal obligations to the plaintiff in prejudice of the rights of the creditors of the Foundation Company, nor can it here be given such effect.

In arriving at a determination of the character and terms of Mr. Street's transactions with the Foundation Company we have to consider the testimony of Mrs. McKillop and Mr. Brotsch as well as that of Mr. Street; but we do not have the advantage of the testimony of Mr. Seiler, who as president of the company was present when the arrangement with Mr. Street was made, and who was a witness for plaintiff upon other questions. It appears that Mr. Frank B. Darron, the then vice-president of the company, who was also present upon this occasion, is now deceased. The defendants claim that Mr. Street agreed to finance the operations of the Foundation Company until the Mt. Morris contract was completed; the said financing not to exceed at any one time the sum of $20,000. Mr. Street did procure credit for the company in various amounts and collected certain payments assigned to him by it, but at the last it clearly appears that he discontinued

his efforts and that his failure to keep his agreement forced the company to cease operations and caused them to lose the contract.

These are the conclusions which are reached by me, giving such attention and weight to the testimony, lack of testimony, and the usual course of business affairs of this nature, as stand the test of fair dealing and equity.·

There must be judgment for the defendants, dismissing the complaint and defendant Street's counterclaim. Let appropriate findings be submitted on notice.